John R. Vanatta

v.

Gilbert Brewer and James E. Moon.

1. On construing a deed, the question is, not what did the grantor intend to do, but what has he done by apt and proper words?

2. The proper words to be used in creating a limitation upon the term granted by a lease are "while," "as long as," "until," and "during."

3. To create a good condition upon which a term granted by a lease shall end before it expires by lapse of time, a right to re-enter, on breach, must be expressly reserved.

4. A breach of the covenants of a lease, in the absence of a stipulation to that effect, does not work a forfeiture of the term.

5. Where a term is demised in clear and apt words, it can only be defeated by words as strong and express as those by which it is created.

On motion to dissolve injunction, heard on bill and answers.

*Mr. Henry S. Harris*, for motion.

*Mr. J. G. Shipman*, contra.

The Vice-Chancellor.

This is a motion to dissolve an injunction. Its decision presents simply a question of construction. The complainant, on the 6th of August, 1875, executed a lease, under seal, to one Thomas McCann, whereby he gave, granted, demised and leased unto McCann, and to his heirs and assigns, the full, free and exclusive right, privilege and liberty of entering into and upon certain lands, and of exploring the same, and of sinking pits and pit-shafts therein, and of making levels, and mining and taking, removing, or otherwise disposing of any and all ores or minerals then being in, under and throughout the lands, for the term of twenty years from the date thereof. The rent

reserved was the payment of a certain sum of money for each ton of merchantable ore removed from the premises. Immediately following the premises, the lease contains this clause :

"And the said party of the second part, for himself and his assigns, doth covenant, promise and agree to and with the said party of the first part, his heirs, executors, administrators or assigns, that he will commence exploring for iron ores, on the premises, within two months from the date hereof, it being hereby understood and agreed by and between the parties hereto, that the said party of the second part, his heirs and assigns, shall have twelve months from the date hereof to explore the said land and premises for iron ores or minerals."

It is admitted a search for ore was commenced within the time specified. An excavation was made, and a small quantity of ore raised and removed—the complainant says, less than one hundred pounds. No further work, either in exploration or mining, was done until January, 1880. The defendants obtained title to the lease, by assignment, in December, 1879, and afterwards, in the following month, commenced sinking a shaft near the complainant's dwelling-house, at a point where, he says, no previous exploration or excavation had been made. Their work was arrested by the injunction which they now seek to have removed.

That the lease gave the lessee a right to enter upon the lands demised, and to search for ores therein, and to mine and remove the same, there can be no doubt. The terms used to grant those rights are both apt and comprehensive. But for the presence of the clause just quoted, the instrument would have contained nothing which would afford the slightest pretext for challenging the rights of the defendants. What is the office of this clause ? Is it a limitation of the term granted, or a condition, upon a breach of which the term ends, or simply a covenant ? I think it is very clear it is not a limitation. In the construction of a deed the question is, not what did the grantor intend to do, but what has he done by apt and proper words. *Adams* v. *Ross*, *1 Vr. 510.* The proper words to be used in creating a lim-.

Vanatta *v.* Brewer.

itation are, *while, as long as, until, and during.* The examples given by Blackstone are: "As when land is granted to a man so long as he is parson of Dale, or while he continues unmarried, or until out of the rents and profits he shall have made £500, and the like." *2 Bla. Com. 155.*

It is equally clear, I think, it is not a condition, for the authorities are agreed that, to create a good condition, a right to re-enter, on breach, must be reserved to the lessor. Thus Littleton says: The words *si contingat* will create a condition if a power of entry is added; and therefore if A. grant land to B., to have and to hold, to him and his heirs, and *if,* or *but if* it happen that B. do not pay to A. £10 at Easter, without more words, this is not a good condition; but if these words be added, that then it shall be lawful for A. to re-enter, it will be a good condition. *4 Cruise's Dig. 428; Shep. Touch. 122; 1 Wash. on Real Prop. 320; Wilson v. Phillips, 2 Bing. 16; Wheeler v. Dascomb, 3 Cush. 285.* And where it is doubtful whether a clause in a deed be a covenant or condition, the court will incline against the latter construction. *4 Kent's Com. 132.* •

The words here are plain and simple words of covenant, and nothing more. In respect to their legal significance there can be no dispute. No right of re-entry is reserved, and there are no words of forfeiture or cesser. The rule is settled, that a breach of the covenants of a lease, in the absence of a stipulation that a breach shall have that effect, does not work a forfeiture or determine the term. *Bockover v. Post, 1 Dutch. 290.*

• Where a term is demised in clear and apt words, it can only be defeated by words as strong and express as those by which it is created. *Wilson v. Phillips, ubi supra.*

A clause in a lease stipulating that the lessee shall deliver up the demised premises, on three months' notice being given, and the payment to him of a sum of money, has been held to be neither a limitation nor a condition, but a covenant, and therefore that the giving of the notice and

tender of payment, pursuant to the covenant, did not end the term. *Wheeler* v. *Dascomb, ubi supra.*

The authorities render it manifest that the term granted by the lease under consideration is still outstanding and undetermined, and, consequently, as the defendants now have the title to it, that this court has no authority to deprive them of its enjoyment. The injunction must be dissolved, with costs.